**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CALVIN W. REEDER** | ] | |
|     **Plaintiff,** | ] | |
| | ] | |
| v. | ] | No. 3:13-0685 |
| | ] | Judge Campbell |
| **CANDACE WHISMAN, DIRECTOR OF** | ] | |
| **SENTENCE COMPUTATION** | ] | |
|     **Defendant.** | ] | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action against Candace Whisman, Director of Sentence Computation for the Tennessee Department of Correction, seeking declaratory relief and damages.

The plaintiff claims that the defendant has improperly altered the terms of his sentence in violation of his state and federal rights.

A prisoner does not state a cognizable claim for relief if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994).

Nowhere in the complaint does it suggest that the plaintiff has already successfully tested the validity of his sentence as computed by the Tennessee Department of Correction in either a state or federal court. Therefore, the plaintiff's claims for declaratory and monetary relief are not yet cognizable in federal court.

In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Todd Campbell
United States District Judge